RULEY, JUDGE:
An Opinion of this Court, dated March 22, 1977*, held the respondent negligent in this case, but disallowed the claim due to inadequate proof of damages. Pursuant to Rule 15 of the Rules of Practice and Procedure, a rehearing was held on August 9, 1977, on the issue of damages.
Expert testimony on the claimant’s behalf placed the reduction in market value of the claimants’ land at $10,500.00, caus *101 ed by respondent’s construction of a highwall for Route 19 and the resulting increase in water draining across claimants’ land. The expert witness for the claimants was a real estate appraiser with considerable experience in real estate transactions in Fayette County, where the claimants’ property is located.
His estimates of value before and after the damage were based in part upon a comparison of recent transactions involving similar real property in Fayette County. The respondent’s expert witness placed the diminution of value at $4,000.00, but his estimate was based solely on a description of the property without seeing or inspecting it and was based on only minimal experience with real property in Fayette County.
This Court finds that claimants have incurred damages of $10,500.00, that amount representing the diminution in value caused by respondent’s negligence. Diminution in market value being the proper measure of damage to property in cases like this, (Jarrett v. E. L. Harper and Son, Inc., _ W.Va. _, 235 S.E.2d 362 [1977]), an award in the sum of $10,500.00 should be, and is hereby, made.
Award of $10,500.00.

See Lafferty v. Department of Highways, 11 Ct.Cl. 239 (1977).